GUY B. BARHAM CO. (LOUIS ROTH) ET AL. *v*. UNITED STATES

No. 5868.—Invoices dated Yorkshire, England, October 21, 1941, etc.
Certified November 7, 1941, etc.
Entered at Los Angeles, Calif., January 3, 1942, etc.
Entry No. 1944, etc.

(Decided May 10, 1943)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the court:

(1) That the merchandise the subject of the appeals enumerated above, and represented by the items marked A and initialed *CDG* on the invoice by examiner *C. D. Gilroy* consists of wool fabrics imported from Great Britain.

(2) That the appraised values of the merchandise covered by these appeals, less any additions made by the importers under duress at the time of entry, represent the prices at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and represent the export value of such merchandise and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeals are abandoned as to all merchandise not entered under duress, and these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the invoices by the items marked A and initialed CDG by examiner C. D. Gilroy, and that such values are the appraised values, less any additions made by the importers under duress at the time of entry.

The appeals having been abandoned insofar as they relate to all merchandise not entered under duress, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.